# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| BELINDA K. FRANKS, ADC #714774 | PLAINTIFF |
| v. 3:16CV00244-JTK | |
| POINSETT COUNTY DETENTION CENTER, et al. | DEFENDANTS |

Consolidated With:

| | |
|---|---|
| BELINDA K. FRANKS, | PLAINTIFF |
| v. 3:16CV00346-JTK-BSM | |
| SUSAN COX | DEFENDANT |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

1

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff Belinda Franks filed these pro se actions pursuant to 42 U.S.C. § 1983, alleging inadequate medical care and treatment during two different periods of

incarceration at the Poinsett County Detention Center (Jail).[1]   Defendants Poinsett County Detention Center, Larry Mills, and Patricia Marshall, were dismissed from Franks 1 on November 16, 2016 (Doc. No. 11).   The claims against Defendant Cox were consolidated on July 25, 2017 (Doc. No. 19).

Pending before the Court are Cox's Motions for Summary Judgment, Briefs in Support and Statements of Facts (Franks 1, Doc. Nos. 15-17; Franks 2, Doc. Nos. 17-19). Plaintiff has not responded to the Motions, despite the Court's Orders.[2]

## II.   Complaint

In Franks 1, Plaintiff complained that from January 6, 2016 until February 16, 2016, Defendant Cox failed to arrange for Plaintiff to receive her needed medications, and refused to call the pharmacy for Plaintiff's medications.   In Franks 2, she complained that Cox again failed to have her medications transferred from her private pharmacy to the pharmacy used by the Jail, and failed to dispense all Plaintiff's needed medications, from September 4, 2016, until February, 2017.

## III.   Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to

---

[1] Plaintiff filed 3:16cv244-JTK on September 19, 2016 (hereinafter referred to as Franks 1), and 3:16cv00346-JTK-BSM on December 12, 2016 (Franks 2).
[2] Franks 1, June 29, 2017 Order (Doc. No. 18); Franks 2, September 18, 2017 Order (Doc. No. 20).   In these Orders the Court noted that failure to respond to the Motions would result in either all the facts set forth in Defendant's summary judgment papers admitted by Plaintiff, or dismissal without prejudice for failure to prosecute the actions.

judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

### A.   Official Capacity Liability

Initially the Court agrees with Defendant Cox that Plaintiff's monetary claims against her in her official capacity should be dismissed. A suit against a county official

in his/her official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998). In order for a county to be held liable for the unconstitutional acts of its officials, Plaintiff must allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990). Plaintiff never specifically refers to a Jail policy or practice as the moving force behind Defendant Cox's alleged unconstitutional actions. Therefore, the Court finds that the monetary claims against Defendant in her official capacity should be dismissed.

**B.     Individual Capacity Liability**

Defendant Cox asks the Court to dismiss the individual capacity claims against her, based on Plaintiff's failure to show that she acted with deliberate indifference to Plaintiff's serious medical needs. In support, she provides Plaintiff's medical records, medication logs, and medical requests. (Franks 1, Doc. Nos. 16-1 – 16-4; Franks 2, Doc. Nos. 18-2 – 18-9). According to the medication logs recorded during Franks' January, 2016-February 2016 stay at the Jail, the following medications were prescribed and dispensed: Alprazolam, Carisoprodal, Fluticasone-salmeterol, Gabapentin, Hydrocodone-acetaminophen, Imipramine, Lisinopril, Metoprolol tartrate, Mirtazapine, Montelukast, Oxcarbazepine, Temazepam, and Ziprasidone. (Franks 1, Doc. Nos. 16-3, 16-4). Defendant Cox explained in her affidavit that detainee prescription medication which is obtained and paid for by the County is purchased from Allcare Correctional Pharmacy, or

detainee prescription medications may be refilled by the detainee's pharmacy at her expense. (Franks 2, Doc. No. 18-10)  However, if the County purchases the refills, Allcare Correctional Pharmacy will request the detainee's free-world pharmacy to transfer her prescription to Allcare. (Id.) If a refill is not available, the detainee can contact her free-world physician for a new prescription, or can be seen by the Jail physician. (Id.)  During Plaintiff's next stay at the Jail, beginning September 4, 2016, the medication logs show that Plaintiff received the medications which she possessed at the time of her arrest. (Franks 2, Doc. No. 18-3, pp. 1-9)[3] On September 4, 2016, Franks requested that someone call Vaughn Pharmacy to have her medications transferred to Allcare Correctional Pharmacy for refill. (Doc. No. 18-2)  Those medications, together with Nibazole, were refilled and dispensed to Franks. (Doc. No. 18-3, pp. 10-25)  An interruption in Plaintiff's medications occurred between October 3, 2016, and October 5, 2016, because during that time Plaintiff was released from the Jail, re-arrested, and re-booked into the Jail.  (Doc. No. 18-10)  On October 6, 2016, Hydrocodone-acetaminophen was added; on October 13, 2016, Amitripty, Omeprazole, and an Advair inhaler were added. (Id., pp. 3-4; Doc. No. 18-3, pp. 28, 35, 36, 38).

Plaintiff submitted a medications request on November 24, 2016, which was forwarded to the Jail Physician, Dr. Houchin, on November 30, 2016. (Do. No. 18-7).  Dr. Houchin prescribed Plaintiff medications which were ordered from Allcare Correctional

---

[3] Those medications include Ziprasidone, Ranitidine, Temazepam, Tylenol, Gabapentin, Alprazolam, Omeprazole, Metformin, and Montelukast. (Doc. No. 18-10, p. 3).

Pharmacy and dispensed to her. (Doc. No. 18-5, pp. 1-4).   Dr. Houchin saw Plaintiff again on January 26, 2017, and February 15, 2017 (Doc. No. 18-6).   Based on these records, Defendant states that Plaintiff cannot show that she deliberately withheld needed medications from Plaintiff or that Plaintiff suffered a medical effect from any delay in her treatment.

Since Plaintiff was a pretrial detainee at the time of her incarceration, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of her conditions of confinement.   Bell v. Wolfish, 441 U.S. 520, 535 (1979).   In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims.   Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).   To support an Eighth Amendment deliberate indifference claim, Plaintiff must allege and prove that Defendant acted with deliberate indifference to a serious medical need.   Farmer v. Brennan, 511 U.S. 825, 834 (1994).   An allegation of negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.   Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).   Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).   See also Smith v. Marcantonio, 910 F.2d at 502 (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).   Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth

Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on her claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds) (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)). "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, 132 F.3d at 1240.

Having reviewed the Plaintiff's medical records and the other exhibits presented by Defendant Cox, the Court finds Plaintiff provides no evidence to support her claims of deliberate indifference against Defendant. Plaintiff provides no evidence that Defendant deliberately disregarded her serious medical needs, or ignored a specific request for needed medication. The records show that Plaintiff received numerous medications daily, together with treatment by the Jail physician.

Plaintiff also provides no evidence of a detrimental effect of any delay in her medical treatment, and her claims could be based on a disagreement over the type of treatment (and medications) provided. See Beyerbach, 49 F.3d at 1326; Long, 86 F.3d

at765.  Absent a response from Plaintiff and/or any other evidence to the contrary, the Court finds as a matter of law that Plaintiff provides no evidence of deliberate indifference, and that her claims against Defendant should be dismissed for failure to support a constitutional claim for relief.

### IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant's Motions for Summary Judgment (Franks 1, Doc. No. 15; Franks 2, Doc. No. 17) be GRANTED, and Plaintiff's Complaints against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 16th day of October, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE